RAMSOURS, Respondent, vs. CAMPBELL, Appellant.

1. In an action on a receipt which stated that the defendant had received from the plaintiff a demand for collection, and that he would either collect the same or return the evidence of it, a petition is sufficient which states that the defendant executed the receipt, that he had collected the money and had failed to pay the same to plaintiff, although there is no express averment that the defendant promised to pay the money when collected to the plaintiff, or that it belonged to the plaintiff.

*Appeal from Greene Circuit Court.*

*F. P. Wright,* for appellant. The petition does not show that plaintiff is entitled to the money when collected, nor that the defendant promised to pay it to him. No contract or liability is shown.

GAMBLE, Judge, delivered the opinion of the court.

1. Ramsours held a receipt given to him by one Pegram, in which Pegram acknowledged to have received for collection a note for one hundred and fifty dollars, with a credit of fifty dollars, describing the note. Campbell obtained this receipt from Ramsours and gave him a receipt for it. In this receipt, Campbell acknowledged that the object in his getting the receipt was to collect the proceeds of the note from Pegram, and if not collected, the receipt was to be returned. This action was brought against Campbell on the receipt, and it was alleged in the petition that he had collected all the money, and that, with the exception of forty dollars, he had not paid it over, nor had he returned the receipt. Campbell answered, and his answer contained but a single denial, and no other defence. He denied that he had ever received any more of the money than the forty dollars, which, it was admitted, he had paid over. There was a trial by jury, and the instructions given upon the only point in issue, were as favorable to the defendant as he could have asked. There is here no complaint of the instructions. A motion in arrest of judgment was made, and a motion for a new trial. The motion in arrest of judgment presents the only question which has been discussed before us, and that rests upon the sufficiency of the petition. Campbell received Pegram's receipt from Ramsours, and received it for the purpose of collecting the money from Pegram, and he was to return the receipt, if the money was not collected. To whom was he to return the receipt? Clearly to Ramsours. To whom was he to pay the money, if it was collected? Clear-

ly to Ramsours, when the whole transaction was with him, and when he was the owner of the receipt. The idea that there is no contract stated with Ramsours, and no consideration for a contract with him, is a mere mistake. We do not review the decision refusing a new trial. The judgment is, with the concurrence of the other judges, affirmed.